Good morning, Your Honors. Joseph Porta on behalf of the petitioner, Oscar Leonel Marroquin Blanco. I'd like to reserve three minutes. Go right ahead. This case is a petition for review of a Board of Immigration Appeals order pre-termiting petitioner's NACARA application. I received a 28-J letter. I'm sure the Court's aware of it. It appears there were two issues, but now that's been narrowed down to one. So to get to the crux of the matter, this has a more complicated procedural history than most cases. Mr. Marroquin came into the United States, was removed in 1986, came back again, and obtained a second order in approximately 1989. That order remained outstanding. He remained living in the United States for many, many years. A new law came into existence. It's called NACARA, and that permitted him to try and file a motion to reopen. Mr. Marroquin had an attorney who inadvertently filed the motion with an improper court. However, the NACARA regulations, the BIA's OPPM manuals instruct that those motions were not to be rejected, that there was a very specific procedure because of the purpose of NACARA, that the procedures were very peculiar to NACARA. The court administrator is supposed to look up the alien file, look up the history, try and match it with the right place. And under no circumstances— Well, could I just interrupt you there? It is a complicated procedural history, but we've worked pretty hard to try to unravel it. And it seems that there is a—you've got a strong argument. I'll say just—I'm only one of three. I think you have a strong argument that that was an irregular handling pursuant to the regulations because he had this application pending. But isn't it correct that an opposing counsel certainly argued it's long since passed the time that he could have filed a motion—sorry, a petition for review from the 2003 BIA decision, right? Well, Your Honor, the argument that I have to that is, yes, I cannot deny that was filed in that time period. However, the IJ that issued that decision had no jurisdiction to issue that decision. Well, there's jurisdiction and then there's jurisdiction. That's a whole different problem because people have used the word jurisdiction loosely in this case for sure, right? There's claims processing rules that are sometimes referred to as jurisdictional or not. What you're saying now is that that was really a void ruling because there was no subject matter jurisdiction. I think that's a pretty tough sell. But could I focus you on where I'm going with this because this is where I need help. We have two rulings from the BIA and they seem to me to be inconsistent, right? The first one says that the first IJ didn't have jurisdiction. And the second one talks about he's only entitled—I think at the bottom it says he's only entitled to file one motion to reopen and they weren't convinced that the motion to reopen filed in the wrong court really was denied on the merits. So I'm just trying to make sense of the of those two BIA decisions and how they're not inconsistent. I believe the issue here is the board passed and never mentioned the issue that I requested a remand based on sua sponte reopening. I presented a clear error to the Board of Immigration Appeals. And you think the clear error was what? I think the clear error was the fact that they didn't follow their procedures given— That's back in 2003. I think in 2003 the board dismissed the appeal. I'm asking you a different question. I'm trying to figure out how I can read the—or can I read the 2001 BIA decision to be consistent with the first BIA decision? The 2003 decision you mean? Yes. Because the decision that we're reviewing says it is not—the BIA was not persuaded that the 1998 motion to reopen filed with the wrong court should not be considered a denial on the merits. Was your client entitled to a ruling on the merits? He was entitled to a ruling on the merits. Did he ever get one? No. And so as I understand the decision we are actually reviewing said that you can't file a motion to reopen because NACARA section 203 says you only get one motion to reopen, right? Correct. Does NACARA section 203 say that if the motion to reopen is not resolved on the merits, then it doesn't count for purposes of the you only get one limit? It has nothing specific to that issue. What it does say is that it will be adjudicated by the court that handled the matter. It says you get one motion to reopen, and that's it, right? Correct. That's it. Okay. So why does it matter? I mean, in the order we're reviewing, the board said there was a prior motion to reopen. Everyone agrees with that. There was a prior motion to reopen. Why does it matter whether that was resolved on the merits or not? I believe it matters if it was resolved on the merits because he never had his opportunity to actually have that motion heard. It was erroneous. The wrong court made a decision. Everybody along the way acknowledged that the petitioner is eligible for NACARA. He is. Clearly, he has a 1980s asylum application. Can I interrupt you right there? Sure. When you say he's eligible for NACARA and everybody along the way has acknowledged that, do you have a record site for that? Yes, I do. If we go to page the BIA decision that Your Honor was referencing is page 183 of the record. Okay. That I've seen. I will quote. It says, although the respondent is an alien described in 1505 of the Life Act amendments, the immigration judge still lacked jurisdiction to reopen proceedings. So what I read from that, sir, is that he's among the universe of people eligible to apply, but the regulation you're relying on is a regulation that said if he had an appeal pending, and he did at the time the amendment was passed, and the board decided that he was eligible, then the board was obliged to remand to the correct IJ, the geographically correct IJ. And I don't know that the board, they may have decided he wasn't eligible, but if they did, I sure can't see that anywhere. I would be guessing, unless you've got something for me. I believe the decision before that from the immigration judge, and I'll get it for you, but it says... See, the first judge is the judge looking at it in El Paso, which is the wrong court. Yes. And the judge seems to make a reference that he's a petitioner now, that the petitioner entered the United States after that decision. Right. So NACARA has jurisdictional provisions as to who can decide it, and those were created when the NACARA regulations were implemented. We understand that, sir. So the issue on these cases, and in all the procedural manuals that I have, is for them to determine prima facie eligibility, nothing else. Right, I'm looking for that. I'm looking to see if there's something that maybe... I know you want to save some time, but when you come back, if you've got a statement that he was prima facie eligible, that would be helpful to me. I think Judge Pius... I have some questions. I think Judge Pius has some questions. Sure. So what is it that you envision happening, if you were to prevail here? I envision that the Board of Immigration Appeals never mentioned the fact that I requested sui sponte reopening. I cited it. They didn't touch it. They punted on the issue. So in your view, if you prevail, the board would have to essentially reopen all his proceedings? No. The NACARA regulations, they would probably be limited to NACARA in and of itself. Well, how do they get to NACARA if he'd already filed the one motion? So I'm trying to figure out, how do you deal with the issue that Judge Miller raised? The issue that I'm trying to get to is the petitioner, because of what we talked about earlier, no one ever decided his claim properly. Okay. So how does the board get to that claim in these circumstances? The board can see that they made an error, and that all the judges below made an error, and the impact of this one rule, this one motion, and they can correct their error by saying, oh, wow, we didn't have jurisdiction. And because we didn't have jurisdiction and all these issues happened, we shouldn't hold this over this petitioner's head, now precluding them from filing for relief. And they could correct their own error. They decided. So you would envision them just saying, well, irrespective of the one motion rule, they could allow him just to proceed ahead on his NACARA claim? It seems like they would have to reopen the whole thing. I think they would probably have to go back and reopen that earlier case, that Phoenix, Arizona case. They would have the authority to do that, wouldn't they? Under sui sponte reopening, yes. Okay. You want to save the rest of your time? Yes. Okay. Actually, I think you're out of time. When you come back for planning purposes, we'll put two minutes on the clock, okay? Thank you. You bet. Good morning, Your Honor. As a mate, please the court. My name is Ilana Snyder, and I'm appearing today on behalf of the United States Attorney General. Respectfully, Your Honors, we're asking for dismissal in part and denial in part. And for the sake of time, I'll just skip to the NACARA issue because I can see that's what we're interested in talking about here. I'd like to address a couple of the things that came up just when my friend here was just addressing the court. The first thing I'd like to address is what I think Judge Christian was talking about. Is petitioner entitled to a ruling on the merits of the NTR, of the motion to reopen here? And I think that is one thing that the petitioner and the respondent are really arguing over here. The government's contention that there's nothing in the statute, there's nothing in the plain language of the statute here that entitles petitioner to a ruling on the merits here. Section 1505C of the Life Amendment Act, there is, Life Act Amendment, excuse me, there's nothing there, plain language, that says the petitioner must be given a ruling on the merits of the motion to reopen. Hang on, hang on. Because I think we get your point. But I'm just trying to figure out how far the government's taking this. It does entitle him, I think it's undisputed, he was entitled to, someone situated as he was situated, is entitled to file the motion, right? Yes. But if it had never been ruled on, you think that would be sufficient? To now say that he's filing a second motion? Really? I mean, the statute is plainly clear. The statute says the petitioner was entitled to one motion to reopen. And again, the Board of Immigration Appeals... Counsel, I'm asking a really, I'm asking a really specific question. I need you to answer it, okay? Is it really your position that he's only entitled to file it and never have it ruled on? Well, I mean, we see this all the time, Your Honor. We see petitioners... Oh, that's not, hold on. You're not answering the question, and it's really a yes or a no. If they'd never ruled on it, you would say he can't, that this next, what he's doing now, still constitutes an impermissible second motion? I believe so. Under the jurisdictional rules, I mean, Congress said one motion to reopen. They didn't say, oh, we're going to reopen. They didn't say it once, they said it twice. They said it in ACARA Section 203C, and then they said it again in the Life Act Amendments, which was intended to give petitioners, people like the petitioner, an additional benefit. So your position is that he was entitled to file it, but not entitled to a ruling? Not specifically on the merits. Well, he was entitled to a ruling in the prior proceeding, and if he didn't get one, he could petition for review. And say, I should have gotten a ruling, right? Is that right? That's correct. And I think that is one of the government's key positions here, which is essentially that petitioner never filed a petition for review from this case, never asked even for a motion to reconsider with the board within 30 days. I'm going to interrupt you again, because I've conceded that point right at the beginning. So I think we all get that. So now let's get to the other point, because it's much more helpful than trying to convince me that he's not entitled to a ruling on a motion that he filed. So the next problem I've got, and I appreciate for everyone, this is a tough case. I'm not trying to be difficult, but it's a heavy lift because it's so tangled up. But I need help, counsel, please, trying to reconcile the 2021 BIA decision with the earlier BIA decision. Because as you know, this term jurisdiction is used very loosely, and the Supreme Court has corrected our, including by the Ninth Circuit, has corrected that of late. But we're stuck with a record where jurisdiction was being used broadly here and imprecisely. So what do we do with that? I think, are you referring to the first portion of that last paragraph where the court is talking about the immigration judges, this jurisdiction to rule on the Nicara motion, or are you talking for the motion to review? The first time around, right, they decided that the El Paso IJ, the BIA decided the El Paso IJ didn't have jurisdiction, quote-unquote jurisdiction, right. And now we've got a 2001 decision where it's saying the BIA was not persuaded that the 1998 motion to reopen, filed with the wrong court, should not be considered a denial on the merits, which suggests that the BIA is of the view that he's entitled to a denial or a ruling on the merits. Right, I think there's perhaps a little bit of confusion about what exactly happened with the immigration judge's decision versus the board's decision back then. So the immigration judge's decision in 1999 had nothing to do with the venue. The immigration judge's decision in 1999 had to do with the denial. I know what the first IJ ruled, but that's not what the BIA ruled the first time around. Right, we don't read the board's decision. We read that those two paragraphs as different. That first, we affirm the immigration judge's determination she did not have jurisdiction as one reasoning. And then the second, that we are not persuaded respondents' arguments on the motion to reopen as the second argument, which is why we withdrew that first argument about jurisdiction, because we don't think it's really relevant to this determination. And I think that's because it's the government's position at this time that the only way that the petitioner can obtain NACARA, if your honors will permit me here, the only way petitioner can obtain NACARA is via a motion to reopen. And I can explain this, it's procedurally kind of complicated, but essentially petitioner was ordered removed via that 2003 board order, but crucially, he was physically removed in 2004, which terminated his continuous physical presence by operation of law and regulation 1240.64 subsection B3. It terminated his continuous physical presence, which means the only way that petitioner can get NACARA in this case is if he somehow reopens that old case. And I think petitioner's counsel and respondents' counsel are not meaningfully arguing that. And I think that is the reason why it seems that there's some sort of dispute, but there's not, or excuse me, there's some sort of tension, but there's not really a tension here between the two orders. But why couldn't the board, couldn't the board just sua sponte reopen the proceedings? The board could sua sponte, the government's position here is the board could sua sponte reopen proceedings, but they didn't. And also, I don't believe- Counsel keeps arguing that they didn't address his request that they consider sua sponte reopening. I don't believe petitioner argued that in his opening brief before the court. I'd have to check again, but I don't believe that petitioner advanced the sua sponte reopening argument before the court. And again, this court doesn't have jurisdiction over the sua sponte reopening arguments in any event. Well, in our case left, there's an error of law. We do have some jurisdiction. That is correct, Your Honor, under Bonilla. So deep in this process, was there an error of law? Again, we don't, the petitioner didn't raise that argument to the court in his opening brief as far as the government is aware. And it's the government's contention that no, there was no error of law here because again, there is no jurisdiction for this court to review that because this involves no petition for review from a board decision from 2003. There's, this is a 1252B1 problem, right? It's an, there was no timely petition for review that was filed. Also, I'd note that the regulations petitioner cites, and this is sort of a technical argument, but the regulations the petitioner cites relate to a motion to reopen that's filed from a motion to reopen unpursuant to ORIRA section 309G, but petitioner's motion to reopen is pursuant to ORIRA section 309H, which is under the Life Amendment Act. So those regulations, mainly HCFR section 1003.43H, don't apply to his motion to reopen. So, but again, this is all moot because the court doesn't have jurisdiction to review these issues. I can see my time is coming, coming to a close here, so. Could you give me the, could you give me your best shot at, I'm going to try it one more time. I'm looking at, you know, what I am supposed to review is the 2001 ruling by the BIA, right? And I'm looking at this sentence that says, the BIA is not persuaded that the 1998 motion to reopen filed with the wrong court should not be considered a violation on the merits. So my, you know, by my read, that suggests that the BIA thought that he was entitled to a denial on the merits. Is your view that he got one, a denial on the merits, or that he wasn't entitled to one? Or am I reading too much into that? What should I, what should I make of that? I apologize. Oh, I'm sorry. That's okay. You don't owe me an apology. It's in the, you see it? It's AR 9, the 2021. What do I make of that? I'm just trying to figure out what they did here. Again, I think that the, I think that the board in this instance was again, saying, this is not considered a deny. Again, I'm not sure what the board meant by denial on the merits in this instance. But with respect to your honor, I think, I think the board was perhaps speaking to its prior decision saying, this is not a denial on the merits. I'm not, I'm not exactly sure your honor with respect. Well, that makes two of us. And I appreciate you're taking a run at it. Let me just make sure judge, did you have another question? Okay. Thanks so much. And thank you for your patience with these questions. It's a tedious history. Thank you. Can we hear from opposing counsel, please? Yes, your honor. I don't find anything saying that he's specifically eligible. My understanding is if you read the notes to the motion to reopen the comments, they were saying that you are supposed to, and the procedural manuals that are in there, they're just supposed to make some sort of determination. And by the fact that he's represented. They're supposed to make a determined. Let me just try this and correct me if I'm wrong. My understanding is if we're talking way back when, they were supposed to make it by regulation required to make a determination that if he was eligible, then they're supposed to remand to the correct IJ. We don't know if they made a determination that he was eligible. I get it. But the issue is it was a very limited inquiry. And it's not a, it's not an issue as to credibility or anything. They were supposed to see your country of nationality. But sir, we can't tell if they made it. We can't tell if they made that inquiry. We don't know. And even if they did or didn't, and I think your argument is they didn't make it. Maybe not. My, my, he was eligible for a different reason. We can't either way. We didn't get a petition for review on that, right? That's absolutely true. There's no argument I can make that he didn't do that. He was removed immediately thereafter. Okay. Can I ask you, what should I make of this sentence? Opposing counsel was trying to help me with In the 2021 order, the BIA said we are not persuaded. The 1998 motion to reopen filed with the wrong court should not be considered a denial on the merits. Your Honor, I don't know what to make of it either. I will tell you that the preceding paragraph where the government filed the 28J letter, the board is completely wrong. Let me offer a suggestion of what we might make of it. And you can comment on that. In your appeal to the board, you said, and this is AR-21, the fact that respondent unsuccessfully attempted a motion to reopen is irrelevant because it was filed with the wrong court and not denied on the merits. So whether or not there is a not on the merits exception, and I think on the face of the statute, there isn't, shouldn't we read that sentence as just, they're responding to the argument that you presented to them? No, because I'm arguing that the error that they committed in making whatever determination they made was clear error and in contravention to the regulations. I'm putting them on notice. I'm putting them on notice of the lack of his right to obtain a full and fair hearing    They didn't do that. They didn't do that. They just said it's an issue of persuasion, but his eligibility at that time, I don't think the court should have issue with it. He was from the country. He had all the requirements. They don't get into the discretion. They just get into whether you have an aggravated felony and you meet A, B, and C, which are all, I'm from such and such country. I entered by such and such a date and I filed something. And all those things were before the board. The other thing is, and I would like to note, I did raise the sua sponte argument in my brief. It was in there. It was also specifically raised to the BIA as well. There's a citation to the regulation in my brief to the board and a citation in my brief to this court regarding the sua sponte. And if this court does find that they can do this, the court has jurisdiction to review this, to deny the sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error. And here, the board was placed on notice of a clear legal error. Whether it's constitutional is not as strong as a legal argument, but it was clearly a legal error. They're not, they weren't supposed to do that. This had very specific rules. You're out of time. Could you wrap up, please? I submit. Okay. Thank you both for your arguments. It's a difficult case. We appreciate your help with it very much. And we'll take that case under advisement.
judges: PAEZ, CHRISTEN, MILLER